In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00315-CR

_____


RICHARD DEAN SNYDER, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. CR29088**

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, appellant Richard Dean Snyder pleaded guilty to theft of property valued in an amount of at least $1,500 but less than $20,000. *See* Tex. Penal Code Ann. § 31.03(a), (e)(4)(A) (West Supp. 2014).[1] The trial court found the evidence sufficient to find Snyder guilty, but the court

---

[1]We cite to the current version of the statute as the subsequent amendments do not affect the outcome of this appeal.

1

deferred further proceedings and placed Snyder on community supervision for four years and assessed a $1,000 fine. The State subsequently filed a motion to revoke Snyder's unadjudicated community supervision. Snyder entered a plea of "not true" to the alleged violations of the conditions of his community supervision. After conducting an evidentiary hearing, the trial court found that Snyder violated the conditions of his community supervision, found Snyder guilty of theft of property, and assessed punishment at two years of confinement.

Snyder's appellate counsel filed a brief that presents counsel's professional evaluation of the record, and appellate counsel concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On January 2, 2015, we granted an extension of time for Snyder to file a *pro se* brief. We received no response from Snyder. We have reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

However, we note that in the section of the judgment entitled "Plea to Motion to Adjudicate[,]" the judgment incorrectly recites that Snyder pleaded "True[.]" This Court has the authority to reform the trial court's judgments to

2

correct clerical errors. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). We delete this language and substitute "Not True" in its place. We affirm the trial court's judgment as reformed.[2]

    AFFIRMED AS REFORMED.

_____
LEANNE JOHNSON
Justice

Submitted on April 6, 2015
Opinion Delivered April 8, 2015
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

---

[2]Snyder may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.